UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRISE MARBLY-BRAGG, #375229,

        Plaintiff,

                                            CASE NO. 2:21-CV-11288
v.                                    HON. NANCY G. EDMUNDS

SAGINAW CORR. FACILITY, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

### I.    Introduction

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Tyrise Marbly-Bragg ("Plaintiff"), confined at the Saginaw Correctional Facility in Freeland, Michigan, asserts that he was (and is) not sufficiently protected from contracting COVID-19 while in prison, that he got very sick from the virus in February, 2021, and that he continues to suffer ill effects. In particular, Plaintiff asserts that safety precautions, such as use of masks, six-feet of social distancing, cleaning surfaces, and isolating COVID-positive prisoners, were not (and are not) implemented and/or followed. He names the Saginaw Correctional Facility, Warden G. Miniard, Deputy Warden C. Walker, Assistant Deputy Warden of Operations S. Morgan, and Assistant Deputy Warden of Programs/Housing J. Anderson as the defendants in this action and sues them in their individual and official capacities. He seeks monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1).

II.      **Review Standards**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to

*sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief against a defendant who is immune from such

relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to

dismiss a complaint seeking redress against government entities, officers, and employees

which it finds to be frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and

plain statement of the claim showing that the pleader is entitled to relief," as well as "a

demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not

require detailed factual allegations, it does require more than the bare assertion of legal

conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the

defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to partial summary dismissal.

III.   **Discussion**

A.   **Complaint against the Saginaw Correctional Facility**

Plaintiff's complaint against the Saginaw Correctional Facility must be dismissed. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that prison facilities are not person or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases

establishing that a prison building is not a "person" subject to suit under § 1983); *see also*

*Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing

that governmental departments and agencies are not persons or legal entities subject to

suit under § 1983).  Consequently, Plaintiff's complaint against the Saginaw Correctional

Facility must be dismissed as frivolous and/or for failure to state a claim upon which relief

may be granted.

### B.     Eleventh Amendment Immunity

The remaining defendants, who are all employees of the Michigan Department of

Corrections ("MDOC"), are entitled to Eleventh Amendment immunity on Plaintiff's claims

against them in their official capacities.  The Eleventh Amendment to the United States

Constitution bars civil rights actions against a State and its agencies and departments

unless the State has waived its immunity and consented to suit or Congress has abrogated

that immunity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The State

of Michigan has not consented to being sued in civil rights actions in the federal courts,

*Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*,

803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign

immunity when it enacted 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332, 341 (1979);

*Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Eleventh Amendment

immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a

State and its agencies.  *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012)

(quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does

not preclude prospective injunctive relief.  *McCormick*, 693 F.3d at 662 (citing *McKey v.*

*Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).  Eleventh Amendment immunity also

applies to state employees who are sued in their official capacities.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The MDOC, an agency within the Michigan government, is entitled to Eleventh Amendment immunity.  *See Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005).  The remaining defendants, who are all employees of the MDOC and thereby the State of Michigan and are sued (in part) in their official capacities, are thus entitled to Eleventh Amendment immunity.  *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545.  Plaintiff's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities must therefore be dismissed.

### C.      COVID-19 Claims

Plaintiff's assertions concerning COVID-19 precautions and protocols and his contraction of COVID-19 while in prison state potential, plausible claims for relief under 42 U.S.C. § 1983 against the remaining defendants.  Consequently, such claims are not subject to summary dismissal.

### IV.     Conclusion

For the reasons stated, the Court concludes that the Saginaw Correctional Facility is not an entity subject to suit in this action and that the remaining defendants are entitled to Eleventh Amendment immunity.  The Court further concludes that Plaintiff states potential claims for relief under 42 U.S.C. § 1983 against the remaining defendants which survive the Court's initial screening process.  Accordingly, the Court dismisses the Saginaw Correctional Facility and dismisses the claims for monetary damages and non-prospective

injunctive relief against the remaining defendants in their official capacities.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


 s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  June 15, 2021